STATE EX REL. BOARD OF MEDICAL REGISTRATION AND EXAMINATION OF INDIANA v. STAUB.

[No. 28,792. Filed November 7, 1951.]

*J. Emmett McManamon,* Attorney General; *Thomas L. Webber* and *Robert C. Walsman,* Deputy Attorneys General, for appellant.

*Boyce, Guenther, Harrison & Moberly,* of Indianapolis, for appellee.

JASPER, J.—This is an action to permanently enjoin appellee from practicing medicine in the State of Indiana without a license, under §63-1311, Burns' 1943 Replacement. On January 19, 1950, an affidavit for a change of venue from the county was filed, and the cause was venued to the Hamilton Circuit Court. On December 8, 1950, the cause was submitted for trial upon the complaint and an answer in one paragraph. Judgment denying a permanent injunction was entered on the 22nd day of January, 1951. The pertinent part of the finding and judgment of the court is as follows:

". . . the Court now finds for the defendant and against the plaintiff on plaintiff's complaint; that the plaintiff has failed to prove all the material allegations of the complaint

and that the plaintiff is not entitled to a permanent injunction herein; the Court further finds that plaintiff is not entitled to recover attorneys fees in this cause.

"IT IS THEREFORE considered, ordered, adjudged and decreed that the plaintiff is not entitled to a permanent injunction against the defendant herein and that plaintiff is not entitled to recover attorneys fees against the defendant herein; that plaintiff shall take nothing herein and that defendant is given judgment for costs."

Appellant assigns as error the overruling of its motion for a new trial.

The motion for a new trial alleged (1) that the decision of the court is contrary to law and (2) that the decision of the court is not sustained by sufficient evidence.

The record reveals, and appellant admits, that no evidence was introduced on the question of whether or not appellee had a license to practice medicine in any of its forms. Appellant contends that the burden of proving licensure is upon appellee. Appellee contends that it is a material allegation of the complaint and that the burden of proving the negative is on appellant.

This appeal involves substantially the same facts and presents the identical question decided in the case of *State ex rel. Board, etc.* v. *Goodman* (1951), 230 Ind. 38, 101 N. E. 2d 421. On authority of that case, the judgment herein is affirmed.

Judgment affirmed.

NOTE.—Reported in 101 N. E. 2d 423.